IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JUDY MAXEY                                                                                         PLAINTIFF

VS.                                                                                                                   No. 3:05CV251-D-A

SECURITY-CONNECTICUT LIFE INSURANCE COMPANY            DEFENDANT

OPINION DENYING MOTION TO REMAND

Presently pending before the Court is Plaintiff's motion to remand. Upon due consideration, the Court finds that the motion shall be denied.

*A. Factual Background*

The Plaintiff originally filed this action in the Circuit Court of Union County, Mississippi, on October 31, 2005. On December 19, 2005, the Defendant successfully removed the action to this Court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332. The corporate Defendant asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because (a) the amount in controversy exceeds $75,000 exclusive of interest and costs, and (b) there is complete diversity of citizenship between the Plaintiff and the Defendant.

This dispute arises out of a claim for contractual, incidental, consequential, and punitive damages due to a wrongful denial of life insurance benefits. The Plaintiff claims that she is the sole beneficiary of her deceased husband's life insurance policy. The Defendant has failed to release the benefits for more than three years since the death of the Plaintiff's husband. The parties dispute the citizenship of the Defendant and the amount in controversy. The Plaintiff states that the Defendant is a citizen of Mississippi, while the Defendant claims that it is a citizen of Minnesota. The Plaintiff also claims that the amount in controversy does not exceed $75,000, while the Defendant asserts that

the face of the complaint states the amount in controversy is over $2,000,000.

The Defendant timely removed this action to this Court pursuant to 28 U.S.C. § 1332 stating that it is a citizen of Minnesota and that the amount in controversy exceeds $75,000. The Plaintiff now moves this Court to remand this action to the Circuit Court of Union County stating that complete diversity does not exist and that the amount in controversy does not exceed $75,000. In the alternative, the Plaintiff moves that this Court should abstain from hearing this matter because an overriding state interest exists in this case.

*B. Standard of Review*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states . . . " 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). The removing Defendants bear the burden of establishing that federal jurisdiction actually exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Any ambiguity in the pleadings should be resolved in favor of remand. Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000).

*C. Discussion*

1. Diversity of Citizenship

Diversity of citizenship is determined at the time the action is commenced. Dole Food Co. v. Patrickson, 123 S. Ct. 1655, 1662, 155 L. Ed. 2d 643 (2003); Zurn Indus., Inc. v. Acton Const. Co., 847 F.2d 234, 236 (5th Cir. 1988); Wright v. Combined Ins. Co. of America, 959 F. Supp. 359,

361 (N.D. Miss 1997). An action is commenced by the filing of a claim. Fed. R. Civ. P. 3 (2003). A corporation may simultaneously be a citizen of two states, the place of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). It is incumbent upon the removing party, seeking to avail itself of federal court's limited jurisdiction, to prove that its principal place of business is not Mississippi. Howery v. Allstate Ins. Co., 243 F.3d 912, 920 (5th Cir. 2001); Wright, 959 F. Supp. at 359. All disputes must be resolved in favor of the non-removing party. Dodson v. Spiliada Maritime Corp., 951 F.2d 41, 42 (5th Cir. 1992); Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979); Conyers v. Life Ins. Co. of Ga., 269 F. Supp. 2d 735, 737 (N.D. Miss. 2003); Hill v. Ascent Assur., Inc., 205 F. Supp. 2d 606, 609 (N.D. Miss. 2002). In order to ascertain a corporation's principal place of business, the Fifth Circuit has adopted the "total activity" test. Anniston Soil Pipe Co. v. Central Foundry Co., 329 F.2d 313, 313 (5th Cir. 1964); J.A. Olson Co. v. City of Winona, Miss., 818 F.2d 401, 404 (5th Cir. 1987).

When applying the total activity test, the Court must review "the nature, location, importance, purpose of the corporation's activities, and the degree to which those activities bring the corporation into contact with the local community." Nauru Phosphate Royalties, Inc. v. Drago Daic Interests, Inc., 138 F.3d 160, 163 (5th Cir. 1998) (citing, Olson, 818 F.2d at 411-12). To reach a conclusion the court must make two inquiries. Davis ex rel. Estate of Hart v. Trumbo, Inc., 2002 WL 31992187 at *3 (N.D. Miss. Dec. 2, 2002). First, the location of the defendant's nerve center which focuses on the site from which the business is directed and controlled. Id. at *3. Second, the location of the defendant's activities which requires a more broad analysis, focusing on the day to day activities of the business. Id. Three guiding precepts are helpful to the Court's principal place of business analysis, (1) for a corporation with operation spread over several states the sole nerve center is a significant factor, (2) the place of activity is more important than a detached location of executive

offices, and (3) if the activity of the corporation is passive and the "brain" of the corporation is in another state, then the location of the brain is given greater significance. Olson, 818 F.2d at 411. Finally, "[f]or diversity purposes every corporation has one and only one principal place of business." Id. at 406.

Security Connecticut Life Insurance Company ("SCLIC") was originally incorporated in the state of Connecticut. On July 20, 2000, SCLIC moved to Minnesota and became a domesticated corporation in the state of Minnesota. On October 1, 2003, SCLIC and ReliaStar Life Insurance Company ("ReliaStar") merged with Reliastar being the surviving company. ReliaStar was incorporated in the state of Minnesota. Thus, SCLIC is also a Minnesota corporation. The Court finds that the Defendant is Minnesota corporation. The citizenship of the parties on the date of the filing of the complaint determines the existence of diversity jurisdiction. Bell v. Am. Gen. Finance, Inc., 267 F. Supp. 2d 582, 585 (S. D. Miss. 2003). On the date of the filing of the complaint, the Defendant was a Minnesota corporation. Even if the Court were to look at the date this dispute began, the Defendant would be a Connecticut corporation, not a Mississippi corporation. Therefore, the Court finds that the Defendant is a Minnesota corporation and now looks to the location of its principal place of business.

### A. Nerve Center

SCLIC's corporate headquarters were located in Minneapolis, Minnesota. The corporate headquarters of ReliaStar, SCLIC's successor in interest, are located in Minneapolis, Minnesota. Neither ReliaStar nor SCLIC has corporate offices in Mississippi. Therefore, SCLIC is directed and controlled in Minnesota. Thus, the Court finds that under the nerve center test, SCLIC's principal place of business is in Minnesota.

B. Place of Activity

SCLIC and ReliaStar both process all insurance claims at their offices in Minnesota. The Defendant does not have claims processing offices in Mississippi or for that matter, any offices in the state of Mississippi. Thus, the important activities of SCLIC and ReliaStar take place in Minnesota. Therefore, the Court finds that under the place of activity test SCLIC's principal place of business is in Minnesota.

SCLIC has satisfied both prongs of the total activity test and has proven that its principal place of business is in Minnesota, not Mississippi. The Plaintiff advances a meritless argument that the Mississippi Long Arm Statute makes this Defendant non-diverse. The Court notes that the Mississippi Long Arm Statute provides this Court and Mississippi courts with personal jurisdiction over the parties. However, the long arm statute has nothing to do with this Court's subject matter jurisdiction, the basis of the Plaintiff's remand motion. Therefore, the Court finds that SCLIC is incorporated in the state of Minnesota and has its principal place of business in Minnesota. Thus, complete diversity exists between the parties pursuant to 28 U.S.C. 1332.

2. Amount in Controversy

In order to take advantage of federal jurisdiction, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. De Aguilar, 47 F.3d at 1408. To accomplish this, the Defendants may (1) demonstrate that it is facially apparent that the claims are likely above $75,000, or (2) set forth the facts in controversy that support a finding of the requisite amount. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). The jurisdictional amount must be determined at the time of removal and "any post-petition affidavits are allowable only if relevant to that time period." Id. at 1335.

A plaintiff wishing to avoid federal jurisdiction "may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 593, 82 L. Ed. 845 (1938). However, the face of a plaintiff's complaint will not control if made in bad faith. De Aguilar, 47 F.3d at 1410. Assuming the removing party is able to demonstrate that the amount in controversy exceeds $75,000, removal is deemed proper, unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than the jurisdictional minimum. Bland v. Fleet Fin., Inc., No. 1:02CV442-D-D, 2003 WL 22244407 at *2 (N.D. Miss. 2003). Stated differently, "once the removing party is able to establish by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a 'legal certainty' that the plaintiffs' claim is for less than the jurisdictional amount." Id. at *2.

The Plaintiff argues that she seeks less than the jurisdictional amount. However, in her Complaint, the Plaintiff demands $50,000 for payment on the claim of life insurance benefits, $25,000 for mental anguish, an unspecified amount for interest and attorney's fees, and $2,000,000 in punitive damages. The Plaintiff argues that after the removal of this case, the $50,000 was released and that she fully intends to amend her complaint. The Plaintiff states there are a small amount of interest and fees. In addition, the Plaintiff claims that attorney's fees and punitive damages cannot be used to compute the jurisdictional amount.

The Plaintiff's Complaint on its face alleges damages of $2,075,000, plus interest and attorney's fees. Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing Allstate Ins. Co. v. Hilbun, 692 F. Supp. 698, 700 (S. D. Miss. 1988)). Mississippi law allows punitive damages for claims of gross negligence,

actual malice, and actual fraud. Miss. Code Ann. § 11-1-65. In the complaint, the Plaintiff alleges that punitive damages are proper because the Defendant acted with gross negligence and malice. Thus, the Court finds that under the governing law, punitive damages would be recoverable in this suit. Therefore, punitive damages can be included to reach the amount in controversy requirement. The Court finds that the Defendant has proved that the jurisdictional amount in controversy has been met due to Plaintiff's claim for two million dollars in punitive damages.

Resultantly, the Court finds that it has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 on the face of the Plaintiff's Complaint. In addition, the Court previously found that complete diversity exists between the parties. The Court finds that the Defendant properly removed the action to this Court. The Court will now look at any other reason why it should not exercise jurisdiction over this case.

3. Abstention

The Plaintiff states that even if this Court has jurisdiction pursuant to 28 U.S.C. § 1332, it should apply Burford abstention because an overriding state interest exists. The Supreme Court announced in Burford that, "A federal court may dismiss a case when difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar or if its adjudication by a federal forum would be disruptive to state efforts to establish a coherent policy with respect to a matter of substantial public concern." Burford v. Sun Oil Co., 319 U.S. 315, 332 63 S. Ct. 1098, 1106, 87 L. Ed. 1424 (1943). The Plaintiff states that the issues in this case are of paramount concern to the State of Mississippi.

The Court finds that the issues in this case are not paramount state interests. In addition, district courts are prohibited from applying Burford abstention to actions seeking money damages.

Quakenbush v. Allstate Ins. Co., 571 U.S. 706, 731 (1996). "Under our precedents, federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." Id. As a result, this Court is without power to abstain from hearing this case even if a paramount state interest was involved. Therefore, this Court has jurisdiction of this case and the motion to remand will be denied.

*D.  Conclusion*

In sum, the Court concludes after surveying analogous precedent and relevant case law, that the amount in controversy does exceed the jurisdictional minimum of $75,000 which grants this court diversity jurisdiction. In addition, the Court finds that the parties are completely diverse. Finally, the Court finds that this case does not meet the narrow standards to apply the abstention doctrines. Thus, this Court will retain jurisdiction and the motion to remand is denied.

A separate order in accordance with this opinion shall issue this day.

This the 26th day of June 2006.

/s/ Glen H. Davidson
Chief Judge